IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:10-CR-68-D
No. 7:14-CV-281-D

| | | |
|---|---|---|
| ERIC GRANT SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On November 4, 2014, Eric Grant Smith ("Smith") filed a motion to extend the time to file a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 240-month sentence. [D.E. 143]. On December 2, 2014, Smith filed a section 2255 motion, a memorandum in support, a motion to extend time, and a motion for a hearing [D.E. 145–48]. On March 30, 2015, the government moved to dismiss Smith's section 2255 motion [D.E. 156] and filed a memorandum in support [D.E. 157]. On April 16, 2015, Smith responded [D.E. 159]. As explained below, the court grants Smith's motions to extend time, grants the government's motion to dismiss, dismisses Smith's section 2255 motion, and denies Smith's motion for a hearing.

I.

On January 31, 2012, pursuant to a written plea agreement [D.E. 104], Smith pleaded guilty to conspiracy to possess with the intent to distribute more that 50 kilograms of marijuana in violation of 21 U.S.C. § 846. See Rule 11 Tr. [D.E. 135] 2–16. On July 31, 2012, at Smith's sentencing hearing, the court calculated Smith's advisory guideline range as 240 months' imprisonment. See Sentencing Tr. [D.E. 136] 74–85. The court noted that Smith's total offense level was 38, his criminal history category was IV, and that his advisory guideline range would have been 324 to 405

months' imprisonment, but it was capped at 240 months' imprisonment due to the statutory maximum. See id. 85.

After considering all relevant factors under 18 U.S.C. § 3553(a), the arguments of counsel, and Smith's allocution, the court sentenced Smith to 240 months' imprisonment. See id. 90–95. Smith appealed. On August 8, 2013, the United States Court of Appeals for the Fourth Circuit affirmed Smith's conviction and sentence. See United States v. Smith, 537 F. App'x 244, 246–49 (4th Cir. 2013) (per curiam) (unpublished).

On October 29, 2014, Smith filed a motion for an extension of time to file his section 2255 motion. See [D.E. 143]. On December 2, 2104, Smith filed his section 2255 motion [D.E. 145] and a supporting memorandum of law [D.E. 146]. Smith contends that (1) his trial counsel was constitutionally ineffective during plea negotiations and at Smith's change of plea hearing because counsel did not understand the law or facts applicable to Smith's case, did not understand the basic mechanics of the sentencing guidelines, and failed to explain "relevant conduct" to Smith; (2) his trial counsel was constitutionally ineffective at sentencing by failing to challenge properly Smith's relevant conduct, the gun enhancement under U.S.S.G. § 2D1.1(b), the assault enhancement under U.S.S.G. § 3A1.2(c)(1), and the leadership enhancement under U.S.S.G. § 3B1.1(a); and, (3) his appellate counsel was constitutionally ineffective by failing to challenge Smith's guilty plea as not knowing and voluntary, failing to challenge whether the district court complied with Rule 11, and filing a deficient Anders brief. See [D.E. 145] 5–8; [D.E. 146] 25–26, 30–34.

On December 2, 2014, Smith moved to enlarge the time to submit supporting legal arguments and an appendix [D.E. 147] and moved for an evidentiary hearing [D.E. 148]. On March 30, 2015, the government moved to dismiss Smith's section 2255 motion and filed a supporting memorandum. See [D.E. 156, 157]. On April 16, 2015, Smith replied. See [D.E. 159].

2

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests the legal and factual sufficiency of a complaint. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

In his plea agreement, Smith agreed:

To waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law.

Plea Agreement [D.E. 104] ¶ 2.c.

An appellate waiver is enforceable "to preclude a defendant from appealing a specific issue if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). To be valid, the appellate waiver must have been knowing, intelligent, and voluntary. See, e.g., United States v. Davis, 689 F.3d 349, 354–55 (4th Cir. 2012) (per curiam); United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); Blick, 408 F.3d at 169. "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." Thornsbury, 670 F.3d at 537; see United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013).

At his Rule 11 hearing, Smith stated under oath that he had consulted with his counsel about the charge to which he was pleading guilty, that he was not on any medication, and that no one had threatened him or anyone else or made any promises to him or anyone else. See Rule 11 Tr. 3, 9–10. Smith also swore that he understood the charge to which he was pleading guilty and understood the maximum penalties provided for the charge. See id. 4–5. Smith also swore that he understood all the trial rights that he had and that he would be waiving if he pleaded guilty and the direct and collateral consequences of pleading guilty. See id. 6–7. Smith also swore that he had read and discussed his plea agreement with his lawyer, that he understood each term in his plea agreement, and that the plea agreement constituted the entire agreement between Smith and the government. See id. 9. The court then read Smith's appellate waiver aloud to him, and Smith swore that he understood the rights he was giving up in the waiver. See id. 9–10. Smith also swore that he understood the sentencing process, that any estimate of his sentence or the advisory guideline range from any source was not binding on the court, that any erroneous prediction of his advisory guideline range or sentence would not allow him to withdraw his guilty plea, and that the court could sentence

4

him up to the statutory maximum of 240 months' imprisonment. See id. 8–9.

At the end of his Rule 11 hearing, Smith pleaded guilty, and the government provided a factual basis for the guilty plea. See id. 13–14. The court then accepted Smith's guilty plea. See id. 14–15. In light of the Rule 11 colloquy, Smith's appellate waiver is valid. See, e.g., Copeland, 707 F.3d at 528; Thornsbury, 670 F.3d at 537; Blick, 408 F.3d at 169.

As for Smith's ineffective-assistance claim, "[t]he Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover v. United States, 531 U.S. 198, 203–04 (2001). To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Smith must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party.

5

See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different. Id. at 694.

First, Smith claims that his trial counsel was constitutionally ineffective during plea negotiations and at Smith's change of plea hearing because counsel (1) did not understand the law or facts applicable to Smith's case; (2) did not understand the basic mechanics of the sentencing guidelines; and (3) failed to explain "relevant conduct" to Smith. See [D.E. 145] 5–7; [D.E. 146] 25–26. As a remedy, Smith seeks to withdraw his guilty plea.

Smith's first claim fails. Smith's vague allegation that his extraordinarily experienced criminal defense attorney did not understand the law of the facts of Smith's case or the basic mechanics of the sentencing guidelines fails to state a claim. See United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013). As for the allegation concerning relevant conduct and Smith's desire to withdraw his guilty plea, the claim contradicts Smith's sworn statements at his Rule 11 colloquy. See Rule 11 Tr. 3–13. The court has recounted those sworn statements in this order, and those sworn statements bind Smith and defeat this ineffective assistance of counsel claim. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010); United States v. LeMaster, 403 F.3d 216, 221–23 (4th Cir. 2005). Thus, Smith's first claim fails.

Smith's second claim claims concerns his trial lawyer's alleged failure to contest Smith's relevant conduct and properly challenge the gun enhancement under U.S.S.G. § 2D1.1(b), the assault enhancement under U.S.S.G. § 3A1.2(c)(1), and the leadership enhancement under U.S.S.G. § 3B1.1(a). See [D.E. 146] 25–26. On direct appeal, however, Smith raised these claims concerning the calculation of his advisory guideline range and lost. See Smith, 537 F. App'x at 247–49. Smith cannot use section 2255 to recharacterize and relitigate claims that he raised and lost on direct

appeal. See, e.g., United States v. Frady, 456 U.S. 152, 164–65 (1982); Dyess, 730 F.3d at 360; United States v. Linder, 552 F.3d 391, 396–97 (4th Cir. 2009); United States v. Roane, 378 F.3d 382, 396 & n.7 (4th Cir. 2004); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (per curiam).

Alternatively, Smith cannot use section 2255 to attack his advisory guideline range. See, e.g., United States v. Foote, 784 F.3d 931, 935–36 (4th Cir. 2015); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999); United States v. Mikalajunas, 186 F.3d 490, 4906 (4th Cir. 1999). Alternatively, the record demonstrates that Smith counsel vigorously contested these sentencing issues. See Sentencing Tr. 6–88; PSR Objections [D.E. 115] 17–18; Def.'s Sent. Mem. [D.E. 122] 1–6. Counsel's strategic decision concerning how to challenge these issues falls comfortably within the wide range of professionally competent representation. See Strickland, 466 U.S. at 690; Bobby, 558 U.S. at 11–12; Morva v. Zook, No. 15-1, 2016 WL 2587362 at *10 (4th Cir. 2016). Alternatively, the court's alternative variant sentence defeats any prejudice claim. See Sentencing Tr. 94; United States v. Gomez-Jimenez, 750 F.3d 370, 382–84 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 162 (4th Cir. 2012); United States v. Savillon-Matute, 636 F.3d 119, 123–24 (4th Cir. 2011). Thus, Smith's second claim fails.

Finally, Smith contends that his appellate counsel was constitutionally ineffective on direct appeal by (1) failing to challenge Smith's guilty plea as not knowing and voluntary due to trial counsel's failure to explain Smith's plea agreement, (2) failing to challenge whether the district court complied with Rule 11, and (3) filing a deficient Anders brief. See [D.E. 145] 8; [D.E. 146] 30–34.

Smith's claim fails. First, in appellate counsel's Anders brief, counsel did argue that the Rule 11 hearing was inadequate. The Fourth Circuit, however, held that Smith's Rule 11 proceeding was adequate and that his guilty plea was knowing and voluntary. See Smith, 537 F. App'x at 246–47.

7

Smith cannot use this section 2255 proceeding to recharacterize and relitigate a claim that he raised and lost on direct appeal. See, e.g., Frady, 456 U.S. at 164–65; Dyess, 730 F.3d at 360; Linder, 552 F.3d at 396–97; Roane, 378 F.3d at 396 & n.7; Boeckenhaupt, 537 F.2d at 1183. Similarly, the Rule 11 colloquy dooms Smith's claims that trial counsel failed to explain Smith's plea agreement to him. See Rule 11 Tr. 9; Blackledge, 431 U.S. at 74 & n.4; Moussaoui, 591 F.3d at 299–300; LeMaster, 403 F.3d at 221–23. Finally, Smith's vague assertion that appellate counsel filed a deficient Anders brief fails to state a claim. See, e.g., Dyess, 730 F.3d at 359–60.

After reviewing the claims presented in Smith's motion, the court finds that reasonable jurists would not find the court's treatment of Smith's claims debatable or wrong, and that none of the claims deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## II.

In sum, the court GRANTS Smith's motions to extend time [D.E. 143, 147], GRANTS the government's motion to dismiss [D.E. 156], DISMISSES Smith's section 2255 motion [D.E. 145], DENIES Smith's motion for a hearing [D.E. 148], and DENIES a certificate of appealability.

SO ORDERED. This _29_ day of June 2016.

JAMES C. DEVER III
Chief United States District Judge